**PEOPLE OF the STATE OF ILLINOIS, Plaintiff,**

**v.**

**LEVER BROTHERS COMPANY, Defendant.**

**CHICAGO PARK DISTRICT, Plaintiff,**

**v.**

**The SANITARY DISTRICT OF HAMMOND, et al., Defendants.**

**Nos. 81 C 66, 81 C 1353.**

United States District Court, N. D. Illinois, E. D.

Oct. 26, 1981.

See also, D.C., 519 F.Supp. 291.

Stephen Grossmark, George W. Wolff, Asst. Attys. Gen., State of Illinois, Chicago, Ill., for plaintiff in No. 81 C 66.

Joseph A. Power, Chicago, Ill., for plaintiff in No. 81 C 1353.

Robert H. Joyce, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Melvin H. Kurtz, Lever Bros., New York City, and Joel C. Levy, Terence Austgen, Singleton, Levy, Crist & Johnson, Highland, Ind., for defendant Lever Bros.

David O. Toolan, John L. Conlon, Jeremiah Marsh, Michael Schneiderman, Hopkins & Sutter, Chicago, Ill., for Hammond defendants.

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

When these cases were reassigned to this Court upon the resignation of Judge Crowley, this Court (as is its customary practice) requested a joint status report from the parties and set an early status hearing. At that time counsel apprised the Court of the pendency of a substantial number of fully-briefed motions. They said that an interlocutory appeal was pending in two of the cases from a decision rendered by Judge Crowley just before he left the bench but that this Court need not concern itself with the issues posed by that appeal because they did not bear on the pending motions.

This Court took counsel at their word and dealt with the several motions reflected in the briefs delivered to the Court with the cases. Only when at the next status call the Court announced its decision on the issues posed by the briefs did counsel advise that the Court had in fact encompassed the issue posed by the interlocutory appeal—and had come to a conclusion different from Judge Crowley's June 24, 1981 opinion. Consequently the Court stated at the status call that it would distribute its opinions as *tentative* conclusions and would consider the appropriate action to be taken, requesting for that purpose the briefs on appeal.

Those briefs have now been provided to this Court and the Court has again reviewed the problem and Judge Crowley's opinion in light of the arguments posed by the briefs and not previously submitted to this Court. With all respect to Judge Crowley this Court cannot concur in his decision.

This Court's tentative opinions and Judge Crowley's June 24, 1981 memorandum opinion and order both dealt with the power of states to regulate water pollution caused by out-of-state dischargers. That issue implicates several legal questions, principally (though not exclusively) whether the Federal Water Pollution Control Act Amendments (the "Act") preempts such regulation. Judge Crowley's opinion held that it did not, concluding that:

(1) *City of Milwaukee v. Illinois*, 451 U.S. 304, 101 S.Ct. 1784, 68 L.Ed.2d 114 (1981) ("*Milwaukee II*") fatally undermined the authority of *City of Evansville v. Kentucky Liquid Recycling*, 604 F.2d 1008, 1021 (7th Cir. 1979), in which our Court of Appeals had dismissed state claims because of the existence of federal common law regulating interstate water pollution;[1] and

(2) certain savings clauses of the Act, 33 U.S.C. §§ 1311(b)(1)(C) and 1370, strongly suggest that such preemption was not intended by Congress.

As to the second of those contentions the issue is certainly a debatable one. It comes down to whether the savings clauses are to be given an all-embracing literal sweep, or whether they are to be read more narrowly as reconfirming states' powers to impose more stringent standards only on polluters *within* their boundaries.[2] In an odd way both sides to the dispute invoke different facets of what has been called, in a different context, "Our Federalism." *Younger v.*

1. *City of Evansville* followed our Court of Appeals' decision in *People of the State of Illinois v. City of Milwaukee*, 599 F.2d 151, 177 n.53 (7th Cir. 1979), which was reversed on other grounds in *Milwaukee II*. After deciding *Milwaukee II* the Supreme Court denied a petition for certiorari in that case addressed to the issue now in dispute.

2. One of the important issues posed by those alternatives, and by defendants' alternative ground urged before the Seventh Circuit in the current appeal from Judge Crowley's order (an argument that states lack *power* to impose their law on out-of-state polluters), is the effect that the exercise of state power may have. If a wholly non-industrial State A were to impose stringent standards that impacted severely on industry in State B, the concerns that underlie federalism (and perhaps the Commerce Clause) would bear special scrutiny. *Cf.* discussion of the other side of the coin in *Illinois v. Outboard Marine Corp.*, 619 F.2d 623, 625–30 (7th Cir. 1980).

*Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).

But where this Court parts company with its former Brother Crowley is in jurisprudential terms. We do not write on a clean slate here. *Milwaukee II* did not, by some sleight of hand or revisionist history approach, cause *City of Evansville* (or the corresponding holding in the decision reviewed in *Milwaukee II*) to evanesce as though never written. *Milwaukee II* did not address the Seventh Circuit's holding as to state law preemption. In fact the Supreme Court denied the petition for certiorari on that very issue. 101 S.Ct. 2313 (May 18, 1981). Moreover nothing in *Milwaukee II* itself necessarily vitiates the Supreme Court's own pronouncement in *State of Illinois v. City of Milwaukee,* 406 U.S. 91, 107 n.9, 92 S.Ct. 1385, 1395 n.9, 31 L.Ed.2d 712 (1972) (*"Milwaukee I"*) as to the need for national uniformity in the regulation of interstate pollution.[3]

Thus the threshold question—the continued vitality (or lack of it) of our Court of Appeals' holdings on the precise substantive issue before this Court—may not in this Court's view be dealt with in as facile a manner as did Judge Crowley's opinion. Under the circumstances here it is for the Court of Appeals itself and not this Court to make that judgment. District Courts remain bound by controlling Courts of Appeals' determinations on point unless and until the latter are reversed or clearly repudiated.[4] That is not a fair characterization of *Milwaukee II.*

Dismissal of these actions will enable them to come before the Court of Appeals

for its determination as to the continued force of its own decisions (in light of *both Milwaukee I* and *Milwaukee II,* as well as the Act). Fundamental jurisprudential considerations call for such a disposition.

Accordingly this Court's tentative opinions, dismissing plaintiffs' state law claims, are hereby entered as modified hereby (to avoid confusion as to the date of entry, they are being re-dated contemporaneously with this supplemental opinion).[5] Both these actions are dismissed.

---

3. As pages 3–4 of this Court's tentative opinion points out, defendants invoke language from *Milwaukee II* itself, 101 S.Ct. at 1797–98, in support of their position. That proposition too is debatable, but for the reason stated in the text the question is really one for the Court of Appeals rather than this Court.

4. In a case related to these actions, 80 C 4775, the State of Illinois argues that our Court of Appeals has itself superseded its earlier decisions in *Illinois v. Outboard Marine Corp.,* 619 F.2d 623, 628 n.16 (7th Cir. 1980). That reading is hardly compelled by the decision, dealing as it does with an *in*-state rather than out-of-state polluter. Again the reconciliation of the

opinions is best accomplished by the Court of Appeals, which already has the issues under consideration in the appeal from Judge Crowley's interlocutory order.

5. In dealing with the preemption issue, this Court's tentative opinion did not have the benefit of the parties' considered submissions (due to the failure of communication referred to at the outset of this opinion). Its statement on that score (a sort of application of the theory of mathematical sets) was therefore somewhat over-simplistic, and this opinion should not be viewed as having reconfirmed that statement on its merits.